```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE

DENNIS M. FONGEALLAZ,            :
                                 :
          Plaintiff,             :
                                 :
     v.                          : Civil Action No. 04-849 JJF
                                 :
FIRST CORRECTIONAL MEDICAL,      :
                                 :
          Defendant.             :
```

Dennis M. Fongeallaz, Smyrna, Delaware.
Pro se Plaintiff.

Daniel L. McKenty, Esquire, Steven F. Mones, Esquire, and Dana M. Spring, Esquire of MCCULLOUGH & McKENTY, P.A., Wilmington, Delaware.
Attorneys for Defendant.

## MEMORANDUM OPINION

August 31, 2005
Wilmington, Delaware

Farnan, District Judge.

    Presently before the Court is the Motion To Dismiss (D.I. 21) filed by Defendant First Correctional Medical.  For the reasons discussed, Defendant's motion will be granted.

## BACKGROUND

    Pro se Plaintiff, Dennis M. Fongeallaz, is an inmate at the Delaware Correctional Center ("DCC") in Smyrna, Delaware.  On July 12, 2004, Mr. Fongeallaz filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that various acts by First Correctional Medical ("FCM") amounted to a deliberate indifference of his medical needs, and therefore, violated his Eighth Amendment rights.

    In his Complaint (D.I. 2), Mr. Fongeallaz alleges that, on June 6, 2004, he lost feeling in his left ring finger, left little finger, half of his left palm, and parts of his left wrist and forearm.  Mr. Fongeallaz alleges that he was seen by a doctor on June 7, 2004, and by a nurse on June 10, 2004.  Mr. Fongeallaz alleges that he has filed five grievances with regard to his left hand and arm, to no avail.

    By its Motion, FCM asks the Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim against it.  Mr. Fongeallaz has not filed an answer to CFM's motion, despite the Court giving him a second chance to do so.  (D.I. 23.)

1

**STANDARD OF REVIEW**

A motion to dismiss tests the legal sufficiency of a complaint. Conley v. Gibson, 355 U.S. 41, 45-56 (1957). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), courts "must accept as true the factual allegations in the [c]omplaint and all reasonable inferences that can be drawn therefrom." Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). A court will grant a motion to dismiss only when it appears that a plaintiff could prove no set of facts that would entitle him or her to relief. Id.

**DISCUSSION**

**I. Parties' Contentions**

Defendant FCM contends that the Court should grant the motion to dismiss because Mr. Fongeallaz has failed to allege facts sufficient to state a claim of deliberate indifference due to Defendants' actions. Specifically, FCM contends that (1) Mr. Fongeallaz's (D.I. 2) should not have been docketed by the Clerk of Court because the complaint was not accompanied by an affidavit of merit, as required by 18 Del. Code § 6853; and (2) Mr. Fongeallaz has not satisfied his burden to show "deliberate indifference to a serious medical need."

**II. Decision**

The Court concludes that Mr. Fonfeallaz's allegations do not state a claim for failure to provide medical care in violation of

the Eighth Amendment. To successfully allege a Section 1983 action for failure to provide medical care in violation of the Eighth Amendment, an inmate plaintiff must allege practices that violate "evolving standards of decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). The defendant's action must be said to constitute "'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" Id. at 106. To meet this standard of deliberate indifference, the defendant must know of the inmate's condition and disregard an excessive risk of the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In his Complaint, Mr. Fongeallaz admits that he was seen by a doctor on June 7, 2004, the day after the onset of symptoms. Further, Mr. Fongeallaz admits that a nurse performed a stress test on his hand and checked for circulation on June 10, 2004. (D.I. 2 at 3.) While Mr. Fongeallaz contends that FCM's attempts to diagnose and correct the medical problem were unsuccessful, in these circumstances the Court finds that the acts of FCM as alleged in Mr. Fongeallaz's Complaint do not amount to "an unnecessary and wanton infliction of pain." Further, the Court concludes that FCM did not disregard an excessive risk of Mr. Fongeallaz's health or safety, as Mr. Fongeallaz saw a doctor the day after the onset of his condition and a nurse three days later.

## CONCLUSION

For these reasons, the Court will grant the Motion To Dismiss (D.I. 21) filed by Defendant First Correctional Medical.

An appropriate Order will be entered.